IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETH ANN SPERRING, | ) |
| Plaintiff, | ) |
| -vs- | ) Civil Action No.  20-393 |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross Motions for Summary Judgment.[1] (ECF Nos. 16 and 22). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 17 and 23). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Amended Motion for Summary Judgment (ECF No. 16) and granting Defendant's Motion for Summary Judgment. (ECF No. 22).

### I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act. On May 6, 2015, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled under the Act. Plaintiff filed an action in this court seeking review of that decision. On February 9, 2018, this court issued an order granting Plaintiff's Motion for Summary Judgment and remanded the case for further proceedings.

---

[1] Plaintiff filed her original Motion and Brief and, subsequently, filed an Amended Motion and Brief in Support.   (ECF Nos. 14-15 and 16-17).

1

On remand, a new ALJ held a hearing on Plaintiff's disability insurance benefits claim. On November 18, 2018, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 12-12, pp. 5-23). After exhausting all administrative remedies, Plaintiff, again, filed an action in this court seeking a review of this decision. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 16 and 22). The issues are now ripe for review.

## II.     LEGAL ANALYSIS

### A.     Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,*

786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.     Substance Abuse Analysis**

Plaintiff argues that remand is warranted because the "ALJ did not properly evaluate [her] substance abuse under the Drug Addiction and Alcoholism Ruling." (ECF No. 17, p. 14). To that end, Plaintiff asserts that the ALJ's finding that her alcohol dependence materially contributed to her disabling condition is improper "because the finding only relied on a portion of the evidence" and "failed to explain his rationale for not discussing all of the evidence." *Id.* Therefore, Plaintiff

3

submits that the ALJ's opinion is not based on substantial evidence and remand is required. *Id.* at pp. 14-20. After a review of the evidence, I disagree.

On March 29, 1996, Congress passed the Contract with America Advancement Act of 1996 which, in part, amended the Social Security Act to preclude recovery of benefits by a person whose drug addiction and alcoholism ("DAA") materially contributes to his or her disabling condition. 42 U.S.C. § 423(d)(2)(C); *see also Torres v. Chater*, 125 F.3d 166, 169 (3d Cir. 1997). The "key factor" that the ALJ should use in determining whether substance use is a contributing factor material to the determination of a disability is whether Plaintiff would still be found disabled if he/she stopped using drugs or alcohol. 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1).

In making this determination, the ALJ should evaluate which of Plaintiff's current physical and mental limitations (upon which the current disability determination is based) would remain if Plaintiff stopped using drugs or alcohol. *Id.* Then, the ALJ should determine whether any or all of Plaintiff's remaining limitations would be disabling. *Id.* If the ALJ determines that Plaintiff's remaining limitations would not be disabling, then the ALJ should find that the DAA is a contributing factor material to the determination of disability. *Id.* If, on the other hand, the ALJ determines that Plaintiff's remaining limitations are disabling, then Plaintiff is disabled independent from the DAA and the ALJ should find that the DAA is not a contributing factor material to the determination of disability. *Id.*

SSR 13-2p offers the following evaluation process:

1. Does the claimant have DAA?

2. Is the claimant disabled considering all impairments, including DAA?

3. Is DAA the only impairment?

4. Is the other impairment(s) disabling by itself while the claimant is dependent upon or abusing drugs or alcohol?

> 5. Does the DAA cause or affect the claimant's medically determinable impairment(s)?
>
> 6. Would the other impairment(s) improve to the point of nondisability in the absence of DAA?

Soc. Sec. Reg. 13-2p, 2013 WL 621536, at *5.  "The question is not whether a plaintiff's disability disappears when alcohol use is removed from the picture; but, rather, whether given the severity of the remaining limitations as shown by the medical and other evidence of record, the plaintiff" has the residual functional capacity to perform a significant number of jobs in the national economy.  *McGill v. Comm'r Soc. Sec.,* 2014 WL 3339641 (W.D. Pa. July 8, 2014); SSR. 13-2p.

The longstanding policy is that the claimant continues to have the burden of proving disability throughout the DAA materiality analysis. SSR 13-2p, 2013 WL 621536, at *4.  A finding about materiality is an opinion on an issue reserved to the Commissioner under 20 C.F.R. §§ 404.1527(e) and 416.927(e).  *Id.* at *8 n. 19.

In this case, the ALJ found that Plaintiff "is under a disability, but that a substance use disorder is a contributing factor material to the determination of disability."  (ECF No. 12-12, p.6). In making this finding, the ALJ found, *inter alia,* that Plaintiff's "impairment, including the substance use disorder met sections 12.04, 12.06 and 12.08 …(20 CFR 404.1520(d))," and that if Plaintiff "stopped the substance use, the remaining limitation would cause more than a minimal impact on the [Plaintiff's] ability to perform basic work activities; therefore the [Plaintiff] would continue to have a severe impairment or combination of impairments;" but that if Plaintiff "stopped the substance use, the [Plaintiff] would not have an impairment or combination of impairments that meets or medically equals any of the impairment listed in …20 CFR 404.1520(d);" and, further, that if Plaintiff "stopped the substance use, the [Plaintiff] would have the residual functional capacity to perform sedentary work" with exceptions.  (ECF No. 12-12, pp. 8-21).  Continuing with the analysis, the ALJ additionally found that if Plaintiff stopped substance use, she could not

5

perform her past work, but could perform a significant number of other jobs work in the national economy.  (ECF No. 12-12, pp. 21-23).   Thus, the ALJ found that "[t]he substance use disorder is a contributing factor material to the determination of disability because the claimant would not be disabled if she stopped the substance use (20 CFR 404.1520(g) and 404.1535).   Because the substance use disorder is a contributing factor material to the determination of disability, the claimant has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of this decision."   (ECF No. 12-12 p. 23).

Plaintiff submits that her impairments did not improve to the point of nondisability in the absence of DAA and suggests that the ALJ failed to properly address the evidence that supports this conclusion.   (ECF No. 17, p. 16-20).   I disagree.   After careful review, I find the ALJ properly applied the DAA materiality analysis to the record in this case as to whether Plaintiff's other impairments improved to the point of nondisability in the absence of her DAA.   (ECF No. 12-12, pp. 5-23).

Specifically, the ALJ set forth the evidence supporting his conclusion.   (ECF No. 12-12, pp. 5-23).   For example, the ALJ first that stated that the "[m]edical evidence clearly shows the claimant experienced a significant increase in psychiatric symptomology with alcohol abuse" and then went on to detail the same.  *Id.* at p. 18.   The ALJ then stated, "psychological records indicate improvement in symptoms and functionality when the claimant was in reported remission from substance abuse" and then went on to detail evidence of the same, including the opinion evidence of record.  *Id.* at pp. 18-21.   After a review of the evidence, I find there is substantial evidence, including medical evidence, her treatment and her compliance history,[2] her work history, and her activities of daily living to support these findings and the ALJ's finding that if

---

[2] If a plaintiff fails to follow a prescribed treatment that might improve symptoms, the ALJ may consider the same in his/her analysis.   *See,* SSR 16-3p.

Plaintiff stopped substance abuse, she had the residual functional capacity to perform a significant number of jobs in the national economy and thus was not disabled.  *See,* (ECF No. 12-12, pp. 5-23).

The ALJ's DAA materiality analysis is sufficient. Simply put, there is no requirement for an ALJ to discuss or refer in his/her opinion to every piece of relevant evidence in the record, as long as the reviewing court can determine the basis of the decision.  *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94   Fed. Appx. 130, *2 (3d Cir. April 16, 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."). Furthermore, substantial evidence is the standard and, therefore, not every piece of evidence has to support the ALJ's finding.  Based on the ALJ's opinion, I am able to make a proper and meaningful review and find there is substantial evidence to support the ALJ's conclusion that Plaintiff's impairments improved to the point of nondisability if she stopped her substance abuse. (ECF No. 12-12, pp. 5-23).   Consequently, I find remand is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETH ANN SPERRING, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>ANDREW M. SAUL, )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No.   20-393 |

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 17th day of June, 2021, it is ordered that Plaintiff's Amended Motion for Summary Judgment (ECF No. 16) is denied and Defendant's Motion for Summary Judgment (ECF No. 22) is granted.[3]

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge

---

[3] Plaintiff's original Motion (ECF No. 14) shall be terminated as moot.